# EXHIBIT H

Guillermo A. Escobedo (SBN 206198)
Christine M. Fitzgerald (SBN 259014)
Emilia A. Arutunian (SBN 305824)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
Guillermo.escobedo@jacksonlewis.com
Christine.fitzgerald@jacksonlewis.com
Emilia.arutunian@jacksonlewis.com

Attorneys for Defendant
KING GEORGE – J&J WORLDWIDE
SERVICES, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| ARTURO S. BIAG, in a Representative capacity only, and on behalf of other members of the public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC, a California corporation and DOES 1-10, inclusive.,<br><br>Defendants. | Case No.: 37-2019-00008239-CU-OE-CTL<br><br>[Assigned for all purposes to Hon. Ronald F. Frazier, Dept. C-65<br><br>**(CLASS ACTION)**<br><br>**DEFENDANT KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC'S ANSWER TO PLAINTIFF ARTURO S. BIAG'S SECOND AMENDED COMPLAINT**<br><br>*IMAGED FILE*<br><br>Complaint filed: February 13, 2019<br>First Amd. Complaint Filed: April 24, 2019<br>Second Amd. Complaint Filed: January 16, 2020<br>Trial Date: July 13, 2020 |

Defendant KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC ("Defendant") on behalf of itself and for no other defendant, hereby responds to the unverified Class Action Second Amended Complaint ("Complaint") filed by Plaintiff ARTURO S. BIAG ("Plaintiff"), as follows:

///

1

DEFENDANT KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC'S
ANSWER TO PLAINTIFF ARTURO S. BIAG'S SECOND AMENDED COMPLAINT

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally and specifically denies each and every allegation contained in the Complaint, and each cause of action of said Complaint, and denies that Plaintiff or the putative class have been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, as it fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 338, 339, 340, California Business & Professions Code section 17208, and the Fair Labor Standards Act, 29 U.S. § 255.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and the putative class members failed to exhaust administrative remedies under California Labor Code sections 98-98.2, 558, and 2699.3, and/or failed to take steps required by the California Labor Code in order to initiate this Action.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff and/or any member(s) of the putative class entered into an accord and satisfaction of any claim asserted in this Action.

///

///

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff and/or any member(s) of the putative class previously released the claims asserted in this Action.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any duty or obligation by Defendant to pay wages, whether contractual or otherwise, which Plaintiff claims are owed to him and/or any putative class member, has been fully performed, satisfied, and/or discharged.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and/or putative class members remain employed by Defendant, so they are not entitled to waiting-time penalties under Labor Code section 203, and/or recovery is precluded because Defendant's conduct was not willful.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff and any putative class members have been provided all income, compensation, and pay to which he and/or they are entitled.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent that, if it is found that Defendant owes Plaintiff and/or putative class members any income, wages, or salary, Defendant's failure to pay such monies was not willful. Defendant had a reasonable and good faith belief that all wages earned and all vacation accrued by Plaintiff and/or putative class members were fully and timely paid. Therefore, Defendant is not subject to waiting time penalties pursuant to California Labor Code section 203, or other applicable laws.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Without admitting any of the allegations of the Complaint, Plaintiff's cause of action for Unfair Business Practices pursuant to Business & Professions Code section 17200 *et seq.* is barred because the alleged practices are not unfair, the public is not likely to be deceived by such alleged practices, Defendant gained no competitive advantage by such alleged practices, and the benefits of the alleged practices outweigh any harm or other impact they may allegedly cause.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff and the putative class are not entitled to any equitable or injunctive relief as prayed for in the Complaint given that Plaintiff and the putative class have not suffered any irreparable injury based on any alleged conduct of Defendant, and Plaintiff and the putative class have an adequate remedy at law for any such conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff's monetary damage and penalty claims under California Business & Professions Code section 17200 *et seq.* are barred in their entirety by statute and other legal authority.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's purported cause of action for Unfair Business Practices pursuant to Business & Professions Code section 17200 *et seq.* is barred, in whole or in part, because Defendant's business practices are and were not "unlawful" in that Defendant complied with all applicable statutes and regulations in payment of wages to Plaintiff and the putative class.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff lacks standing.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendant are informed and believe, and thereon allege, that any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by California Labor Code sections 2854 and 2856 in that Plaintiff and members of the putative class failed to use

DEFENDANT KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC'S
ANSWER TO PLAINTIFF ARTURO S. BIAG'S SECOND AMENDED COMPLAINT

ordinary care and diligence in the performance of their duties and failed to comply substantially with the reasonable directions of Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiff has not and cannot satisfy the requirements for class certification under California Code of Civil Procedure section 382 or Federal Rule of Civil Procedure 23, or for certification of a collective action under the Fair Labor Standards Act.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. This Action is not appropriate for class certification because Plaintiff is not able to fairly and adequately protect the interests of all members of the putative class.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Without admitting the allegations alleged in the Complaint, this Action is not appropriate for class certification because the liability issues raised by the Complaint require a detailed, fact-specific, and individualized inquiry that must be decided on an employee-by-employee basis for each and every day and/or workweek to determine whether or not Plaintiff and/or the putative class were whether or not they were not properly paid for all hours worked or paid all accrued vacation time.

### TWENTIETH AFFIRMATIVE DEFENSE

20. This Action is not appropriate for class certification because Plaintiff's claims are not typical of the claims of the alleged putative class, and Plaintiff is not an adequate representative of the putative class members.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. This Action is not appropriate for class certification because Plaintiff cannot establish the numerosity requirement.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff cannot establish and maintain a class action due to conflicts of interest that exist among putative class members.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in this Action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. This Action is not appropriate for class certification because there are superior methods for resolving the alleged claims of unpaid wages, unpaid vacation, and other compensation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff cannot establish and maintain a class action because the size of the possible individual claims of the putative class members is sufficiently large to enable and motivate the putative class members to sue on their own or to intervene in an individual action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. This Action is not appropriate for class certification because far speedier administrative remedies before the California State Labor Commissioner are available to Plaintiff and each alleged putative class member, and thus, class treatment is not the superior method for resolving the alleged claims of unpaid wages and other compensation, including, but not limited to, accrued vacation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant is entitled to a set-off for amounts Plaintiff and/or the putative class members owe Defendant for receipt of any wages and other benefits to which he and/or they were not entitled and/or did not earn.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal that, and, on that basis, Defendant alleges that, some or all or certain hours claimed by Plaintiff and the putative class members are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California and federal law; thus, compensation need not be paid for those hours.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the operative Industrial Welfare Commission Wage Order upon which Plaintiff relies is invalid or unenforceable under applicable law.

## THIRTIETH AFFIRMATIVE DEFENSE

30. Although Defendant denies that it has committed, or has responsibility for, any act that could support the recovery against Defendant in this Action, such recovery, if any, is barred because, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I, and other provisions of the California Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable Action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5 upon judgment in its favor.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because, assuming *arguendo* that Plaintiff and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint, and the purported cause of action therein, is barred, in whole or in part, because, assuming *arguendo* that Plaintiff and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages because they did not suffer any injury.

/ / /

/ / /

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff is not entitled to the recovery of attorneys' fees for any common law claims, or any statutory claims under which attorneys' fees are not specifically provided for.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff and/or putative class members have previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement, and/or the U.S. Department of Labor.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.     Any recovery on Plaintiff's Complaint, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiff's claims are preempted by Title 28 of the U.S. Code, sections 1331 and 1332, and Article I, Section 8, Clause 17 of the United States Constitution and governed by federal jurisdiction.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because, to the extent that alleged violations of any provision of the California Labor Code occurred, Defendant's conduct was not knowing, willful, purposeful, malicious, reckless, or negligent.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.     Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by reason of the fact that Plaintiff and/or putative class members have engaged in acts and courses of conduct which rendered Plaintiff and/or putative class members *in pari delicto*.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.     Because liability may not be determined by a single jury on a class-wide basis allowing this Action to proceed as a collective action would violate Defendant's rights under the Seventh Amendment of the U.S. Constitution.

/ / /

/ / /

### FORTIETH AFFIRMATIVE DEFENSE

40. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the acts or omissions complained of therein were done in good faith with reasonable grounds for believing that the acts or omissions were not in violation of the Fair Labor Standards Act or California law.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff and/or putative class members, which, as a practical administrative matter, cannot be recorded precisely for payroll purposes, are *de minimus* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. §785.47, the California Labor Code, and any other applicable state or federal laws, regulations, or court opinions.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because any claims for overtime compensation must be offset by any premium compensation, overpayments, bonuses, advances, commission, or other job-related benefits paid or provided to Plaintiff and/or putative class members, including a reduction for any compensation already paid to Plaintiff and/or putative class members for periods not compensable under the Fair Labor Standards Act.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff is not similarly situated to any other person or persons for purposes of the Fair Labor Standards Act.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff and/or putative class members for, periods of time during which Plaintiff and/or putative class members performed no work, including vacation and/or sick/medical leave, or for

DEFENDANT KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC'S
ANSWER TO PLAINTIFF ARTURO S. BIAG'S SECOND AMENDED COMPLAINT

periods of time during which Plaintiff and/or putative class members were otherwise absent from the workplace including, holidays and other functions voluntarily attended.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff cannot establish that any acts or omissions of Defendant were willful under the Fair Labor Standards Act. By reason of the foregoing, Plaintiff and/or any other member putative class are not entitled to liquidated damages under the Fair Labor Standards Act.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

46. Defendant alleges that Plaintiff's Complaint does not describe the claims or facts being alleged with sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendant will rely on any and all further defenses that become available or appear during discovery in this Action and specifically reserve the right to amend this Answer for purposes of asserting such additional affirmative defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff and the putative class take nothing by the Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That Plaintiff and the putative class be denied each and every demand and prayer for relief contained in the Complaint;
4. For cost of suits incurred herein, including reasonable attorneys' fees; and
5. For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

DATED: February 14, 2020

JACKSON LEWIS P.C.

By: *(signature)*
Guillermo A. Escobedo
Christine M. Fitzgerald
Emilia A. Arutunian
Attorneys for Defendant
KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC

4828-6053-6500, v. 1

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN DIEGO | | COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Guillermo A. Escobedo (SBN 206198)<br>Christine M. Fitzgerald (SBN 259014)<br>Emilia A. Arutunian (SBN 305824)<br>JACKSON LEWIS P.C.<br>225 Broadway, Suite 2000<br>San Diego, California 92101<br>Guillermo.escobedo@jacksonlewis.com; Christine.fitzgerald@jacksonlewis.com;<br>Emilia.arutunian@jacksonlewis.com | Telephone No.<br>Tel: 619.573.4900<br>Fax: 619.573.4901 | |
| SHORT CASE TITLE<br>BIAG v. KING GEORGE – J&J WORLDWIDE SERVICES, LLC | | JUDGE: Ronald F. Frazier<br>DEPT.: C-65 |
| ATTORNEYS FOR DEFENDANT<br>KING GEORGE – J&J WORLDWIDE SERVICES, LLC | | Case No.:<br>37-2019-00008239-CU-OE-CTL |

# PROOF OF SERVICE

I, the undersigned, say: I am over 18 years of age, employed in the County of San Diego, California, in which the within-mentioned service occurred; and that I am not a party to the subject cause of action. My business address is 225 Broadway, Suite 2000, San Diego, California 92101.

On February 14, 2020, I served the following documents:

**DEFENDANT KING GEORGE – J&J WORLDWIDE SERVICES JOINT VENTURE, LLC'S ANSWER TO PLAINTIFF ARTURO S. BIAG'S SECOND AMENDED COMPLAINT**

by placing a copy thereof in a separate envelope for each addressee named hereafter and addressed as follows:

**_Counsel for Plaintiff_**
William B. Sullivan
Eric K. Yaeckel
Ryan T. Kuhn
SULLIVAN LAW GROUP, APC
2330 Third Avenue
San Diego, California 92101

Phone: (619) 702-6760
Fax: (619) 702-6761
Email: helen@sullivanlawgroupapc.com
yaeckel@sullivanlawgroupapc.com
ryan@sullivanlawgroupapc.com

☐ by transmitting via facsimile or electronic notification the document(s) listed above to the fax number or electronic address set forth above on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth above.

☐ **BY PERSONAL SERVICE.** I caused said documents to be hand-delivered to the addressee on February 14, 2020, via First Legal Services, pursuant to Code of Civil Procedure §1011.

☐ **BY OVERNIGHT MAIL.** I deposited said document(s) in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Code of Civil Procedure §1013(c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 14, 2020

_Renee Runsat_
Renee Runsat